UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FORD PERINE, )
 )
      Plaintiff, )
 )
v. ) No. 4:04CV1052 TIA
 )
JO ANNE B. BARNHART, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand and for Entry of Final Judgment. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). The suit involves an application under the Social Security Act for Supplemental Security Income benefits under Title XVI of the Act.

## Procedural History

On September 14, 2001, Plaintiff protectively filed an application for Supplemental Security Income benefits, alleging disability since February 20, 1992. (Tr. 60-64) The application was denied (Tr. 35-38), and Plaintiff subsequently requested a hearing before an Administrative Law Judge (ALJ), which was held on May 12, 2003. (Tr. 39; 333-368). In a decision dated July 31, 2003, the ALJ found that plaintiff was not under a disability as defined by the Social Security Act. (Tr. 14-22) The Appeals Council denied plaintiff's Request for Review on June 11, 2004. (Tr. 5-7) Thus, the ALJ's decision is the final decision of the Commissioner.

## Discussion

On August 12, 2004, Plaintiff filed this civil action for judicial review of the Commissioner's

final decision, and the Commissioner filed her Answer on November 8, 2004. On January 7, 2005, plaintiff filed his Brief in Support of Complaint, asserting that substantial evidence does not support the ALJ's decision because Plaintiff meets the specific requirements of Listing 12.05C. On March 23, 2005, the Defendant filed a Motion to Remand, requesting that the action be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to conduct a supplemental hearing and obtain a mental status consultative examination with psychological testing and evidence from a mental health medical expert regarding whether Plaintiff's impairment(s) meet or equal Listing 12.05C or any other listing. Plaintiff will also have the opportunity to submit additional evidence. Defendant further avers that, should the ALJ find that Plaintiff cannot perform his past relevant work, the ALJ will obtain vocational expert testimony.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[1]

---

[1] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in depth evaluation. In the instant case, such review

2

The undersigned has reviewed the record in light of the defendant's assertions in its motion to remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. However, it is worth noting that IQ testing revealed a Verbal IQ of 67, a Performance IQ of 73, and a Full Scale IQ of 67. Under Listing 12.05C, a plaintiff meets the requirements of said listing where he/she has "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C. Despite this evidence, however, the ALJ found that Plaintiff did not meet the listing because there was no consistent objective evidence in the record that Plaintiff had deficits in adaptive functioning since before the age of 22. (Tr. 18) The Commissioner requests that the case be remanded to obtain evidence regarding whether Plaintiff's impairment(s) meet or equal Listing 12.05C. The Commissioner states that it continues to make every effort to ensure that the decisions comply with Eighth Circuit law and agency regulations.

In light of the errors committed by the ALJ, the case should be remanded for further proceedings. On remand, the ALJ should conduct a supplemental hearing; afford Plaintiff the opportunity to submit additional evidence; obtain a mental statue consultative examination with psychological testing; and obtain evidence from a mental health expert regarding whether Plaintiff's impairment(s) meet or equal Listing 12.05C or any other listing. Because the defendant agrees that the case should be remanded, and the plaintiff has no objection, defendant's motion for reversal and remand under sentence four will be granted.

Accordingly,

---

would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the plaintiff has no objection to such motion.

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand (#18) is **GRANTED** and this cause is reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order. An appropriate Judgment shall accompany this Memorandum and Order.

          /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of August, 2005.